**UNITED STATES of America**

v.

**Jerome Philip DUTKIEWICZ, Appellant.**

**No. 17442.**

United States Court of Appeals, Third Circuit.

Argued May 19, 1970.

Decided Aug. 3, 1970.

Joel I. Bergman, Orange, N. J., Charles Armbruster, Jersey City, N. J., for appellant.

George J. Koelzer, Asst. U. S. Atty., Newark, N. J. (Frederick B. Lacey, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before ALDISERT and ADAMS, Circuit Judges, and HIGGINBOTHAM, District Judge.

OPINION OF THE COURT

PER CURIAM:

Appellant, Jerome Philip Dutkiewicz, mounts a two-pronged attack on the validity of his conviction by jury for the crime of transporting a stolen motor vehicle across the state lines, 18 U.S.C.A. § 2312. Dutkiewicz's claims arise out of testimony and evidence introduced at trial by Special Agent Eugene Coyle of

the Federal Bureau of Investigation. While awaiting trial Dutkiewicz was interviewed by Agent Coyle in the Hudson County Jail on September 14, 1966. At that time appellant first signed a waiver of his Constitutional rights [1] and then confessed to transporting a stolen automobile from New Jersey to New York.

Dutkiewicz now claims that he was under the influence of narcotics at the time he confessed and was therefore unable intelligently to waive his Constitutional rights. Appellant further contends that his confession was involuntary because it was secured through psychological coercion.

In accordance with procedures sanctioned by the United States Supreme Court since Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), District Judge Robert Shaw considered appellant's two contentions in the course of a very thorough hearing out of the presence of the jury. (See Trial Notes of Testimony, pp. 20–100). At the con-clusion of the hearing Judge Shaw concluded that the waiver of rights and confession were voluntarily given. The testimony was then presented to the jury, which returned a verdict of guilty.

■■ We have examined the entire trial record, including the record of the Jackson-Denno hearing, and must agree with Judge Shaw's conclusions. The Government has met its heavy burden of demonstrating that Dutkiewicz knowingly and intelligently waived his Constitutional rights. Miranda v. State of Arizona, 384 U.S. 436, at 475, 86 S.Ct. 1602, at 1628, 16 L.Ed.2d 694 (1966). As for the confession, "the question in each case is whether the [appellant's] will was overborne at the time he confessed" Lynumn v. State of Illinois, 372 U.S. 528 at 534, 83 S.Ct. 917 at 920, 9 L.Ed.2d 922 (1963). The record clearly justifies the trial court's finding that the appellant's will was not so overborne.

The judgment of conviction will be affirmed.

---

1. The waiver which Dutkiewicz signed read as follows:

"YOUR RIGHTS

| "Place | Hudson Co. Jail. J.C.N.J. |
|--------|---------------------------|
| "Date  | 9/14/66                   |
| "Time  | 10:40 A.M.                |

"Before we ask you any questions, you must understand your rights. You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning. You have this right to the advice and presence of a lawyer even if you cannot afford to hire one. We have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court. If you wish to answer questions now without a lawyer present, you have the right to stop answering questions at any time. You also have the right to stop answering at any time until you talk to a lawyer.

"WAIVER

I have read the statement of my rights shown above. I understand what my rights are. I am willing to answer questions and make a statement. I do not want a lawyer. I understand and know what I am doing. No promises or threats have been made to me and no pressure of any kind has been used against me.

"Signed /s/ Jerome Dutkiewicz

"Witness /s/ Eugene F. Coyle—SA FBI, Nwk., N.J.
"Witness
"Time 10:45 A.M."